Filed 6/26/15  P. v. Johnson CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JEREMY PAUL JOHNSON,<br><br>  Defendant and Appellant. | F069311<br><br>(Super. Ct. No. PCF288067)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Gary M. Johnson, and Glade F. Roper,[†] Judges.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, State of California, for Plaintiff and Respondent.

-ooOoo-

---

[*]   Before Levy, Acting P. J., Detjen, J. and Smith, J.

[†]   Retired judge of the Tulare Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Jeremy Paul Johnson pled no contest to carrying a concealed dirk or dagger (Pen. Code, § 21310) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Johnson initially was placed on felony probation and ordered to participate in the drug court program. Despite numerous opportunities to do so, Johnson failed to comply with any of the requirements imposed on him as part of the probation/drug court sentence. He admitted he violated his probation and was sentenced to a midterm sentence of two years eight months.

Johnson's appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating she did not identify any arguable issues in the appeal. By letter dated July 28, 2014, we invited Johnson to submit any arguments he might have about his case. Johnson responded to our letter. We affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

The complaint contained two causes of action. The first cause of action charged Johnson with carrying a concealed dirk or dagger. (Pen. Code, § 21310.) The second cause of action charged Johnson with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).)[1] Johnson pled no contest to each charge when the trial court indicated it would sentence him to formal probation and order he participate in the drug court program. Johnson was advised of his constitutional rights and was informed the maximum sentence he faced was three years eight months.

Johnson failed to appear for his sentencing hearing on September 18, 2013. He was arrested on the warrant issued for his failure to appear, and on October 7, 2013, was sentenced to formal probation and ordered to participate in the drug court program. He was ordered to enroll in an approved drug program. A review hearing was scheduled for

---

[1]The complaint alleged Johnson had a prior conviction that constituted a strike within the meaning of Penal Code section 667, subdivisions (b) through (i). This allegation was dismissed by the prosecution before Johnson entered his plea.

2.

October 21, 2013. Johnson failed to appear at the review hearing and later was arrested on the warrant issued as a result of his failure to appear.

On November 14, 2013, he was arraigned on the violation of probation and the matter was scheduled for a hearing on November 25, 2013. Johnson admitted the violation of probation at the November 25 hearing and was ordered to serve 14 days as a sanction for the violation. A review hearing was scheduled for December 2, 2013.

On December 2 Johnson was released, probation was reinstated, and he again was ordered to participate in the drug court program. He was ordered to enroll in a testing and drug program. A review hearing was scheduled for December 9, 2013; Johnson failed to appear and probation was revoked.

Johnson was arrested on the warrant issued as a result of his failure to appear on December 9, 2013, and was present in court on December 16. He was arraigned on the violation of probation, which he denied. A review hearing was scheduled for December 18, 2013.

On December 18 Johnson admitted the violation of probation, and the trial court reinstated probation and ordered Johnson to participate in the drug court program. A review hearing was scheduled for January 8, 2014; Johnson failed to appear.

On January 24, 2014, Johnson was in custody on the warrant issued as a result of his failure to appear on January 8, 2014. He was arraigned on the violation of probation, which he denied. The next hearing was held on February 5, 2014. Johnson admitted the violation of probation. However, the trial court denied his request to be reinstated into the drug court program.

On March 26, 2014, the trial court revoked probation and sentenced Johnson to a midterm sentence of two years eight months in jail. He was given credit for the time he had served in custody.

Johnson filed a notice of appeal that indicated his appeal was based on the sentence imposed or other matters that did not affect the validity of the plea. No specific matter was identified in the notice.

## DISCUSSION

Penal Code section 1237.5 precludes an appeal from the judgment entered after a guilty plea unless the defendant applies for, and the trial court grants, a certificate of probable cause. Without a certificate of probable cause, any issues raised by the defendant generally are not reviewable. (*People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.)

There are two exceptions to this general rule. A defendant does not need a certificate of probable cause to appeal when the appeal addresses postplea matters not challenging the plea's validity, or when the issue is the lawfulness of a search or seizure that was first contested in the trial court before the defendant entered a plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096; Cal. Rules of Court, rule 8.304(b)(4).)

In response to our letter, Johnson asserted he was promised a sentence of one year four months in jail, not two years eight months. We reviewed the record and there is no evidence to support this assertion. When he pled no contest to the charges in the complaint, he was advised the maximum sentence was three years eight months. There is no other discussion of sentence in either the clerk's transcript or the reporter's transcript, except for an indication Johnson would be placed on probation and ordered to participate in the drug court program. This is the sentence that initially was imposed.

The only other argument advanced by Johnson was that he pled to concealing a dirk or dagger, but the record indicates he was charged with possession of a dirk or dagger. The charge to which Johnson pled was carrying a concealed dirk or dagger, pursuant to Penal Code section 21310. This is the crime with which he was charged.

Finally, Johnson asserts the weapon he was carrying was not a dirk or dagger. This assertion is not reviewable because Johnson did not obtain a certificate of probable cause.

In addition to Johnson's letter, we have reviewed the entire record in this case. Our review did not identify any arguable issues.

## DISPOSITION

The judgment is affirmed.